**Richard Drummond DAVIS, Appellant,**

v.

**The Hon. Carol RUFFINO, Appellee.**

No. 01–94–00675–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 25, 1994.

W. Randall Ackerman, Michael T. Savage, Dallas, for appellant.

Before O'CONNOR, COHEN and HUTSON–DUNN, JJ.

### OPINION

O'CONNOR, Justice.

The relator, Richard Drummond Davis, seeks a writ of mandamus against the respondent, Hon. Carol Ruffino, the Judge of the 361st Judicial District, Brazos County, Texas.

Davis is an architect who lives and works in Dallas County. Plaintiff, Don Adams, the real party in interest, hired Davis to design and produce a set of drawings for a residence to be built in Brazos County. In May of this year, plaintiff filed a suit against Davis based on breach of the contract and violation of the Deceptive Trade Practices Act. The plaintiff asserted venue in Brazos County by virtue of TEX.CIV.PRAC. & REM.CODE §§ 15.001, 15.035. The plaintiff alleged the contract between the parties was made in Brazos County, was to be performed in Brazos County, and arose wholly or in part in Brazos County.

Davis filed an answer and filed a motion to transfer venue. He denied the plaintiff's venue facts and asserted Dallas is the proper county for suit. The hearing on Davis' motion to transfer venue is set for August 19, 1994.

---

**6.** "[C]ourts do not disregard *undisputed* evidence." *Polasek,* 847 S.W.2d at 283.

On June 28, 1994, plaintiff sent a notice to Davis that his oral deposition was scheduled in Bryan, Texas. Davis filed a motion for protective order, asking that the deposition be taken in Dallas. In response, the plaintiff filed a motion to compel, claiming it was necessary to take Davis' deposition to determine venue facts to oppose the motion to transfer venue. The hearing on the motions was held on July 6, 1994. After hearing the argument of each side, Judge Ruffino ordered Davis to appear for deposition in Bryan, Brazos County.

In this petition for writ of mandamus, Davis claims he has a right to have his deposition taken in Dallas County until the trial court decides that Brazos County is the proper county of suit. Davis contends Judge Ruffino has an affirmative duty to prevent his deposition from being taken in Brazos County. Davis cites no case authority to support his proposition that Judge Ruffino was under a duty to prevent his deposition in Brazos County.

When the deponent is a party to the suit, the deposition may be taken in the following counties: where the deponent resides, where the deponent is employed, where the deponent regularly conducts business in person, at such other convenient place as may be directed by the court, or in the county of suit. See TEX.R.CIV.P. 201(5). When a party's deposition is taken in the county of suit, it is "subject to the provisions of paragraph 5 of Rule 166(b)." TEX.R.CIV.P. 201(5).

Under TEX.R.CIV.P. 166b(5) "on motion specifying the grounds ... the court may make any order in the interest of justice necessary to protect the novant from undue burden, unnecessary expense, harassment, or annoyance." Davis argues that it is harassing, an undue burden, and unnecessary expense to require him to travel to Brazos for the deposition until proper venue is determined. To support his rule 166b(5) allegations, he says he is a sole proprietorship, and he cannot afford to be away from his business or the expense of frequent trips to Brazos County.

Davis contends that by filing a motion to transfer venue, he put the county of suit at issue. Davis argues he should not be sum-moned to Brazos County for his deposition until the trial court determines if venue lies in Brazos County. We disagree.

There is no authority, in caselaw or in the rules, for the proposition that a deposition of a party cannot be taken in the county of suit until after the resolution of a motion to transfer venue. Rule 201(5) gives Judge Ruffino the authority to order that Davis' deposition be taken in Brazos County.

We overrule the relator's motion for leave to file petition for mandamus.